IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOANNE DAVIS,

        Plaintiff,

                              Case No. 2:11-cv-919
  v.                          Judge Sargus
                              Magistrate Judge King

**JUDGE MARK MUSICK,** *et al.***,**

        Defendants.

<u>**OPINION AND ORDER**</u>

All discovery in the case was to have been completed by September 30, 2012. *Order*, Doc. No. 31. *Defendants' Motion for Summary Judgment*, Doc. No. 33, is pending and the case is set for trial beginning June 10, 2013. *Order Setting Trial Date and Settlement Conference,* Doc. No. 35. On January 11, 2013, defendants noticed the deposition of Terry Hall, plaintiff's current husband,[1] to take place on January 23, 2013. *Notice to Take Deposition of Terry Hall*, Doc. No. 38. This matter is now before the Court on plaintiff's *Motion to Quash* that deposition, Doc. No. 39. The motion is now fully briefed and ripe for resolution.

Plaintiff's motion seeks to enforce the September 30, 2012 discovery completion date. In response, defendants represent that the proposed deponent only "recently came forward" with information "relevant to the testimony of Plaintiff and impeachment of Plaintiff's

---

[1] Plaintiff and the proposed deponent are apparently currently involved in divorce proceedings. *Memorandum in Opposition of Plaintiff's Motion to Quash Defendants' Deposition Subpoena of Terry Hall*, Doc. No. 40, p. 1.

1

testimony." *Memorandum in Opposition of Plaintiff's Motion to Quash Defendants' Deposition Subpoena of Terry Hall*, Doc. No. 40. It was therefore impossible, defendants contend, to conduct the proposed deposition within the discovery completion period. In reply, plaintiff notes that defendants apparently made no effort to depose Mr. Hall during the discovery completion period and suggests that defendants "are welcome to call Hall as a witness at trial to rebut Plaintiff's testimony" without prior deposition. *Plaintiff's Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion to Quash Defendants' Deposition Subpoena of Terry Hall*, Doc. No. 41, p. 2.

Although defendants have not expressly moved for an extension of the discovery completion period, the parties' memoranda effectively address that issue. The Federal Rules of Civil Procedure authorize a modification of a pretrial schedule "for good cause and with the judge's consent." Fed. R. Civ. P. 16(d)(4). A deadline established by a court may be extended only "'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)(citing Fed. R. Civ. P. 16, 1983 Advisory Committee Notes). "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Id.* (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)). "The overarching inquiry is whether the moving party was diligent in pursuing discovery." *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). Having considered each of these factors, the Court concludes that the discovery completion date

should be extended in order to permit the proposed deposition.

Defendants represent, and plaintiff does not dispute, that defendants only recently learned that the proposed deponent is possessed of information relevant to the case.  Moreover, it does not appear that Mr. Hall was previously identified as a potential witness in the case and defendants cannot be faulted for only recently learning of the relevance of his testimony.  Furthermore, plaintiff has not articulated any prejudice to her should the deposition proceed.  In this regard, the Court assumes that, because Mr. Hall's anticipated testimony is expected to address only plaintiff's credibility, the deposition will not impact the resolution of the pending motion for summary judgment. Finally, because the deposition will be completed long before the trial date, proceedings will not be delayed by virtue of the proposed deposition.

Under all these circumstances, the Court concludes that the proposed deposition may proceed.

Plaintiff's *Motion to Quash*, Doc. No. 39, is therefore **DENIED.**


 s/  Norah McCann King___
 Norah McCann King
 United States Magistrate Judge

January 17, 2013