UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOANNE DAVIS,

       Plaintiff,

v.

JACKSON COUNTY MUNICIPAL
COURT, *et al.*,

       Defendant.

Case No. 2:11-CV-00919
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## ORDER

In this case, Plaintiff brings various claims against Jackson County Municipal Court Judge Mark T. Musick in his official capacity. Upon review of the pending Motion for Summary Judgment, the Court has become concerned as to whether the Eleventh Amendment bars some of these claims. Authority from this Court, and others, indicates that Eleventh Amendment immunity applies to municipal courts. *Lott v. Marietta Mun. Court*, 2:12–cv–1089, 2012 WL 6611615, at *1 (S.D. Ohio Nov. 12, 2009) ("An Ohio municipal court is a component of state government and is therefore insulated from private federal court litigation by the Eleventh Amendment."); *see also Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 765 (6th Cir. 2010) (concluding that sovereign immunity barred suit against a state court judge in his official capacity with respect to damages and retrospective relief). Here, Plaintiff brings official capacity claims under Title VII of the 1964 Civil Rights Act ("Title VII"), the Fair Labor Standards Act of 1938 ("FLSA"), and state law. The Court is specifically concerned as to whether Eleventh Amendment immunity bars Plaintiff's FLSA and state law official capacity claims.[1] *See Kohus*

---

[1] This Court has held, however, that "the Eleventh Amendment does not bar [a plaintiff's] Title VII claims against [state] employees sued in their official capacities." *Gilbert v.*

*v. Ohio State Highway Patrol*, No. 1:09–cv–658, 2011 WL 1234021, at *16 (S.D. Ohio Feb. 15, 2011) ("[T]he Eleventh Amendment bars suit under the FLSA by private citizens against the state."); *Gimbrone v. Krisher*, No. 2:12–cv–251, 2013 WL 1438024, at *7 (S.D. Ohio Apr. 9, 2013) ("The Eleventh Amendment precludes the assertion of state law claims against the state and state actors in federal courts.")

Although Defendants have not raised this issue, "a federal court can raise the question of sovereign immunity sua sponte because it implicates important questions of federal-court jurisdiction and federal-state comity." *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (internal quotations omitted). The Court, however, would prefer to hear from the parties on the issue before reaching any decision. Accordingly, the parties are **DIRECTED** to submit simultaneous briefing to the Court on this particular issue **WITHIN SEVEN (7) DAYS** of the date of this Order.

**IT IS SO ORDERED.**

4-12-2013
**DATE**

**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**

---

*Corr. Reception Ctr.*, No. 2:07-CV-624, 2008 WL 4347231, at *5 (S.D. Ohio Sept. 19, 2008).

2